In the matter of the application of ALBERT HALL.

[Decided August 17th, 1922.]

1. The statutory provision denying the writ of *habeas corpus* to persons committed or detained under final judgment or decree of any competent tribunal does not apply if the sentences under which the applicant is detained are void for want of jurisdiction of the court to pronounce them.

2. The jurisdiction of a court, or its right to speak, is its right or power to pronounce a particular final judgment or decree as to a particular person in a particular action.

3. If the court is without power to pronounce the particular judgment as to a particular person in the particular action, its judgment is void.

4. Where the court has power or jurisdiction to render the particular judgment, though such power is wrongfully exercised, the judgment is only voidable, and can be avoided only by direct appeal.

5. Assuming that where the defence of former jeopardy is duly raised the fact of the indentity of the two offenses is fatal to any further jurisdiction in respect to the second charge, the right of immunity from double conviction under the constitution is a personal right and may be waived, and when waived does not affect the court's jurisdiction as to the further proceedings in the cause.

6. Where one charged with embezzlement of $55,000 in one indictment, and in eight other indictments with embezzling parts of such sum, after pleading not guilty withdrew the plea and pleaded *nolo contendere* to all the indictments without offering to so plead either to the first indictment or to the other eight, and without in any way raising the objection of double conviction, he waived the objection, especially where sentence under the last eight indictments was not imposed at the same time as sentence under the first indictment, and during the interval the defendant made no attempt to withdraw his plea and plead a former conviction.

On writ of *habeas corpus.*

*Messrs. Backes & Schroth,* for the petitioner.

*Mr. George T. Vickers,* for the state.

BUCHANAN, V. C.

This writ of *habeas corpus* brings up the legality of the confinement in the state prison of the petitioner, Albert Hall. The petition sets forth that his confinement is under color of commitments from the Hudson county oyer and terminer on nine sentences or judgments on a corresponding number of indictments for embezzlement (numbered, respectively, 189, 331, 332, 333, 334, 335, 336, 337 and 338, December term, 1918), each for a maximum term of three years and minimum of one year, and running consecutively—the term in respect of indictment No. 331 commencing at the expiration of the term in respect of indictment No. 189, and so on; that the petitioner has served the maximum term of the sentence under indictment No. 189, and has paid the costs of prosecution; that indictment No. 189 was for the embezzlement of $55,000, and the other eight indictments were for the embezzlement of eight separate sums, together making up the $55,000 specified in the first indictment; that petitioner's further confinement or punishment for any of the eight embezzlements was and is invalid, unwarranted and unjustifiable, as being a second or double punishment for a single offence, since each of the eight separate embezzlements of particular sums is comprised within and is a part of the offence of the em-

bezzlement of the total aggregate sum of $55,000, for which offence he has already served the sentence imposed.

The original return to the writ set forth that petitioner was detained in custody by reason of nine commitments from the Hudson county quarter sessions, and annexed copies of the said commitments (which are copies of the sentences or judgments certified by the clerk of that court under seal). These commitments are in accordance with the allegations in the petition—that is to say, they are respectively on sentences on nine indictments for embezzlement, numbered, respectively, 189 and 331 to 338, inclusive, December term, 1918, each sentence being for imprisonment at the state prison for a maximum of three years and a minimum of one year, and each (except the first), to commence on the expiration or satisfaction of the preceding sentence.

Justification for petitioner's confinement is obviously shown on the face of the return as being under the sentence on the second indictment (No. 331), since a period of confinement equal to the term of imprisonment under the sentence on the first indictment (No. 189) has been served, and the term of imprisonment under the sentence on the second indictment was to commence at the end of the sentence on the first indictment.

We need not concern ourselves with any question as to the effect of the Indeterminate Sentence act (*P. L. 1911 p. 356*), since (1) petitioner makes no claim thereunder; (2) the total minimum term under the sentences for the nine indictments has not expired or been served, and (3) it is of no importance whatever in the determination of the present issue whether petitioner be deemed to be now kept imprisoned under the sentence on the second indictment or under the sentence on any of the subsequent indictments.

Our statute (*2 Comp. Stat. p. 2639 § 2*) provides that—

"Persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree, unless such judgment or decree be founded upon contract; * * *"

shall not be entitled to prosecute the writ of *habeas corpus*.

The cause of petitioner's detention is shown to be by virtue of the final judgment or sentence of a court of criminal jurisdiction, to wit, the Hudson county quarter sessions.

This is not denied by the petitioner, nor does he intimate that that court was not a court of competent jurisdiction to try the indictments in question, nor that it did not have jurisdiction over his person, nor, that it did not have full power and right in an ordinary case of embezzlement, on conviction or plea of guilty or *non vult,* to pronounce a valid legal sentence of three years maximum and one year minimum, and to pronounce like sentences in each of several such cases and to provide that the terms should run consecutively.

Petitioner does contend, however, that the particular judgment or sentence of that court, under which he is now confined—that is to say, the judgments or sentences on all the indictments except No. 189—is invalid and void, in that the court at the time of the pronouncement thereof was without jurisdiction to pronounce the same or any other sentence in respect of the last eight indictments.

If this contention be true—if the sentence or sentences under which he is now confined were and are void for want of jurisdiction of the court to pronounce them—then, of course, the statute (*supra*) offers no bar to petitioner's release upon *habeas corpus. In re Marlow, 75 N. J. Law 400; State* v. *Osborne, 79 N. J. Eq. 430.*

Specifically, petitioner's contention is that under the law of this state, every man is given immunity from being convicted a second time for an offence of which he had theretofore already been convicted; that he having once been convicted for an offence, no court thereafter has power or jurisdiction to convict him again for the same offence; that, hence, the court of quarter sessions had no power or jurisdiction to sentence him on any of the indictments Nos. 331 to 338, inclusive, after sentencing him on indictment No. 189, because the latter indictment was for the embezzlement of a sum inclusive of all the separate sums alleged by the eight

other indictments, and a sentence on any of the eight would be a second conviction for an offence of which he had been convicted under the indictment No. 189.

By paragraph 10 of the bill of rights, in our statute constitution, it is provided that "no person shall after acquittal be tried for the same offence."

It has also heretofore been determined that where a former acquittal would relieve a defendant, a former conviction will have the same effect. *State* v. *Cooper, 13 N. J. Law 361*. That case, it is to be noted, was decided under the prior constitution of New Jersey, in which the prohibition was in terms which differ very materially from the present phraseology. Let us assume, however, for the purposes of this case, that that decision is still the law of this state.

It might seem, then, at first impression, that no court before whom an accused is brought for trial as to an offence charged against him can have jurisdiction to try him if the offence charged is one of which he had theretofore been acquitted, or convicted, and that if there be no jurisdiction to try, there can be no jurisdiction to sentence.

A little reflection, however, discloses that this is by no means a necessary or logical conclusion. In the first place, the constitutional provision is in express terms against a second *trial;* nothing is said as to a sentence. An accused may (except in the case of a capital crime) plead guilty and thus waive a trial. If he does so, is there any prohibition against his being sentenced, even though, in fact, the offence of which he has pleaded guilty is the same offence of which he has previously been acquitted or convicted? In the second place, is the lack of jurisdiction to *try,* a lack which may be cured by the waiver or consent of the accused? In the third place, it will be realized that as a practical matter, where an accused desires to avail himself of the protection against a second trial, it must somehow be made to appear that the offence charged *is* the same as the offence of which he has already been acquitted or convicted. That question is a mixed question of law and fact, and it must be determined

by some tribunal. In our procedure the question is raised by a plea, and the court in which the indictment is pending first determines the issue so raised, and, thereafter, according to the result thereof, discharges the prisoner or proceeds with the trial of the indictment. Is the finding of such tribunal, upon that issue, conclusive except upon appeal, or is it subject to collateral attack or review by *habeas corpus?*

It is unnecessary to pursue the last mentioned of these three inquiries, for the reason that the situation upon which it is predicated does not exist in the case at bar. There was no trial or determination of any issue as to the identity of the offences; the accused entered no such plea and made no such objection either formally or in any otherwise. He at first pleaded not guilty to each of the nine indictments, and later retracted and pleaded *non vull* in each case, and was thereupon sentenced, of course, without trial of any kind.

The jurisdiction of a court—its "right to speak"—is its right, or rather its power, to pronounce a particular final judgment or decree as to a particular person in a particular action. If it has no such power then its judgment is void and amounts to nothing. If it has such power, that power may be exercised rightfully or wrongfully in any given case, but though exercised wrongfully it is, at most, only voidable; and if voidable at all, only by direct appeal. There may be no right of appeal therefrom, or no appeal may in fact be taken, but except it be reversed on appeal it is valid and binding everywhere.

If there be a failure or lack of jurisdiction as to any one of the three phases, it is fatal to the validity of the judgment; there must be power over the person, power to deal with the particular action, and power to pronounce the particular judgment. Jurisdiction over the person of a defendant, in a civil suit, is acquired by the service of the court's process upon him. Such service upon a non-resident out of the state does not confer jurisdiction, for the power and authority of the state itself does not extend, generally speaking, beyond its territorial limits. That defect, however, may be waived or cured by the consent of the defendant, and so,

as it is usually said, jurisdiction over the person may be acquired by consent.

Jurisdiction over the subject-matter of the suit cannot be acquired by consent. The power of a court to deal with any given cause of action rests solely upon its having been clothed with that power by the constitution or (where statutory authorization is not unconstitutional) by statute. The parties to the action cannot invest it with such power. If this court, for instance, should assume to try a suit as to the subject-matter of which it had not jurisdiction, its decree would be void, even though the parties expressly stipulated that it should be binding, and even if the procedure and result of the trial and the decree were in other respects entirely correct and identical with that of the proper court of law.

It is in criminal action that the third class of questioned jurisdiction most frequently arises. A court may have jurisdiction over the person of the accused, and full power and authority to try cases of the particular crime charged against him, and yet may not have power to pronounce the judgment or sentence which it imposes. This defect in its jurisdiction may be a lack of power to pronounce the particular sentence which it assumes to impose, or it may be a lack of power to impose any judgment whatever. In *State* v. *Osborne, supra,* it was contended that the latter situation existed; *Ex parte Lange, 85 U. S. 163,* illustrates both situations. In that case the trial court had sentenced the convicted defendant to both fine *and* imprisonment where the statute authorized only one *or* the other. The trial court later sought to correct the matter by vacating the original sentence and sentencing to imprisonment only. In the meantime, however, the prisoner had paid the fine (as well as serving a few days of imprisonment). As to the first sentence, the trial court had not authority to impose that particular sentence; as to the latter sentence (the opinion holds), it had not authority to pronounce any sentence, because its power and jurisdiction had been lost by the imposition of the first sentence and the performance and satisfaction of that part of the sentence which

imposed a fine (the fine actually imposed being the maximum amount allowed by the statute).

The case now before us is one where the alleged wrongful act of the trial court lay, not as to the particular sentence imposed as to any of the indictments Nos. 331 to 338, but in imposing any sentence whatever as to any of such indictments; and it is further contended that that act was not mere error, but was wrongful because of lack of jurisdiction or power; that the fact that the eight offences on these indictments were the same as the offence in indictment 189 automatically deprived the court, upon sentence on indictment 189, of any power or jurisdiction to sentence on any of the other eight.

Upon the question as to whether the effect of the actual identity of the offences is to deprive the court of jurisdiction (if the objection is raised), the cases in the various states and federal courts are much in conflict. Reference to, or consideration of, them at any great length would serve no useful purpose, in view of the conclusions reached on other factors involved in the present issue.

By way of illustration, however, mention may be made of several decisions in the federal courts. In *Ex parte Bigelow, 131 U. S. 328,* a prisoner serving sentence on indictment and conviction by the supreme court of the District of Columbia, sought a writ of *habeas corpus* from the United States supreme court. He had interposed the defence of former jeopardy in the progress of the cause in the trial court. The writ of *habeas corpus* was refused on the ground that the trial court had jurisdiction to determine the question raised on the interposition of the defence of former jeopardy, and that its determination thereof was binding and conclusive and could not be reviewed by *habeas corpus.* On the other hand, the same court, in *Ex parte Nielsen, 131 U. S. 176,* had before it an appeal from the district court of Utah territory, which had refused a writ of *habeas corpus* sought by Nielsen after trial and conviction. Nielsen had set up the detailed facts of a former conviction by way of plea of former conviction, and a demurrer to that plea had been sustained. The supreme court

holds that the trial court's determination on the demurrer to the plea was erroneous; that the facts set up by the plea were sufficient to show former conviction; that the sentence was therefore beyond the jurisdiction of the court; and that the error appearing on the face of the record, the writ of *habeas corpus* should have been issued by the district court. The opinion does not mention the *Bigelow Case,* although the report shows that that case was relied on by the solicitor-general. In *Bens* v. *United States, 266 Fed. Rep. 152,* the United States circuit court of appeals for the second circuit had before it an appeal from an order of the district court dismissing a writ of *habeas corpus* which had been issued at the instance of Bens, who was in custody of a United States marshal, on a criminal charge to which he had pleaded not guilty. He sought release by *habeas corpus* on the ground that he had previously been acquitted of the same offence. The circuit court of appeals affirmed the dismissal of the writ on the ground that the two offences were distinct and not identical, but expressly holds that that question may be inquired into on *habeas corpus,* and that if the defence be found to be good, the prisoner must be discharged, because "there is no power in any court to try him the second time, and a second judgment would be not merely erroneous but absolutely void."

(It should be borne in mind that there are certain differences as to the law of *habeas corpus* and its application between the federal jurisdictions and our own state.)

Assuming, however, for the purpose of the present case, that where the defence or objection of former jeopardy is duly raised by defendant, the actual fact of the identity of the two offences is fatal to the existence of any further jurisdiction by the trial court in respect of the second charge, the question still remains as to whether the interposition of the defence, or the raising of the objection before the trial court in some manner, is an essential factor in the ousting of that court's jurisdiction; or whether the objection can be successfully raised for the first time after judgment, and irrespective of any waiver or consent, as concededly would be the case if the

ground of attack were an alleged want of jurisdiction as to the subject-matter of the cause.

To put it somewhat more concretely, the case, *sub judice,* presents the situation of a defendant before the trial court, charged with a criminal offence which is alleged to be in fact the same offence as that of which he has previously been convicted. If, therefore, he had pleaded the former conviction, that issue must have been found in his favor, and the trial court would thereupon have been without jurisdiction (as we have assumed) to proceed further in the cause other than to order his discharge from custody. He did not plead the former conviction; on the contrary, he (after first entering and then retracting a plea of not guilty) pleaded *non vult* and was sentenced without making any objection whatever. Was his right to be free from second jeopardy a right which he could waive? If so, did he waive it under the circumstances mentioned? If he did, is such waiver binding and conclusive upon him, or has he the right, notwithstanding such waiver, to challenge in this proceeding the trial court's jurisdiction to sentence him?

The weight of general authority seems to be that the right is one which may be waived and that such waiver, if made, is binding and conclusive. *Dalton* v. *State, 224 Ill. 333; People* v. *McGinnis, 234 Ill. 68; State* v. *White, 71 Kans. 356; Blocher* v. *State, 177 Ind. 356; Peaple* v. *Stoll, 143 Cal. 689; State* v. *Houghton, 45 Ore. 110; Gue* v. *City of Eugene, 53 Ore. 282. Cf.,* also, the various text-writers and digests. That such is the law of this state I think there can be no doubt, although I have found no specific adjudication in this state.

In *State* v. *Ackerman, 64 N. J. Law 99* (at *p. 102*), the principle is laid down that as well under our statute (*2 Comp. Stat. p. 1835 § 45*) as at common law, the defence must be raised by plea *in writing.* The inference would seem justifiable that if not so raised it is waived and not available. There are, however, decisions upon the question of waiver in regard to similar rights or privileges. The provision as to freedom from second trial after an acquittal is found

(section 10) in the schedule of "Rights and Privileges," in article 1 of our constitution. If the defence of former conviction has behind it an equal sanction, nevertheless it rests on no stronger ground than do the other rights guaranteed in and by article 1, such as to the right to trial by jury (section 7), the right to the assistance of counsel (section 8), and the freedom from criminal trial (in general) except after indictment (section 9).

Surely no right can be more jealously guarded or more strongly buttressed in our system of jurisprudence than the right of one accused of crime to a trial by jury. Yet that that right is a purely personal one and may be waived by the defendant, and that such waiver, if made, is binding and conclusive, notwithstanding the constitutional provision referred to has been expressly held by the supreme court. *State* v. *Stevens, 84 N. J. Law 561; State* v. *Edwards, 45 N. J. Law 419;* and see *O'Keefe* v. *Moore, 60 N. J. Law 138.* It has also been decided by the same court that the constitutionally guaranteed right to the assistance of counsel may likewise be waived by an accused (*State* v. *Raney, 63 N. J. Law 363*); and similarly as to right of freedom from trial except upon indictment found. *Edwards* v. *State, supra; O'Keefe* v. *Moore, supra.*

Of these three instances the one last mentioned offers perhaps the closest analogy and the strongest argument in connection with the instant case, because the phrasing of the constitutional guaranty or prohibition is in these two sections (9 and 10) identical in form.

"9. No person shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury,  *  *  *"
"10. No person shall after acquittal be tried for the same offence."

Hence, the argument based upon the wording of the provision to which I have hereinbefore alluded, is rendered untenable.

Upon this doctrine or principle the court of errors and appeals has placed its seal of express approval in its opinion in *State* v. *Knight, 96 N. J. Law 461* (at *p. 464*).

It being established that the right in question is a personal right and that it may be waived, and when so waived can in nowise affect the jurisdiction of the trial court as to the further proceedings in the cause, but is conclusive upon the defendant, it yet remains to determine whether such waiver was in fact made by petitioner.

The effect of failure to interpose the plea of former conviction has already been considered. In my view such failure, in any ordinary case, constitutes a waiver. In the present case, however, we have the additional feature of the retraction of not guilty and the plea of *nolo contendere*. Certainly this would appear to be as final and complete a waiver as could possibly be made. The effect, in the criminal proceedings, of such a plea is identical with that of a plea of guilty. *State* v. *Henson, 66 N. J. Law 601; State, Peacock,* v. *Hudson Quarter Sessions, 46 N. J. Law 112.* The effect, as it is stated in the opinion of the court of errors and appeals in *State* v. *Alderman, 81 N. J. Law 549* (at *p. 550*), is that there is "nothing left for the court to do except to impose sentence."

It is, however, strongly urged on behalf of petitioner that under the particular circumstances of the case there was no waiver, notwithstanding the failure to plead *autrefois convict* and the actual pleading of *nolo contendere*. The argument amounts to this: That under the law of this state the defence of former conviction must be set up by special plea (*State* v. *Ackerman, supra*), and that such defence can validly be pleaded or sustained only where there has been a sentence or judgment entered, establishing and constituting the "former conviction" (*Smith & Bennett* v. *State, 41 N. J. Law 598*); that the present petitioner was not able to plead former conviction when called upon to plead to the eight individual indictments because he had not been convicted on the first or blanket indictment; that being, in fact, guilty of the offences charged against him in the blanket indictment and in the individual indictments, the only real right he had was that he should not be convicted and punished twice

for the same offence, *i. e.,* that if convicted on the blanket indictment he should not be convicted on the eight individual indictments, or *vice versa;* that his retraction of "not guilty," and his pleading of *nolo contendere* was therefore the right and commendable thing for him to do, but that it should not and cannot be deemed to have been a waiver of his right to be free from a double conviction, since at the time of such retraction and plea it was not open to him to plead former conviction (the only legal method of presenting to the court his insistment upon such right) to any of the indictments, since there had not then been a conviction upon any of them; that he was in fact sentenced on all nine indictments in one single collective pronouncement; that he, therefore, never had *any* opportunity to set up the defence of former conviction, because he had no such defence until he was actually sentenced on the blanket indictment No. 189, and at the same instant and by the very words of the sentence on that indictment he was also sentenced on the eight individual indictments; that no waiver can be inferred from a man's failure to do that which he never had any opportunity to do.

The argument is ingenious but fallacious. True, he could not plead *autrefois convict* when called upon to plead to the later indictments, because he had not then been convicted. He could, however, have interposed an objection of some sort which would have shown that he intended not to waive but to insist on freedom from double conviction. He might, perhaps, have pleaded or attempted to plead in abatement the fact of the prior indictment pending, or moved to quash either the earlier or the later indictments, or called upon the state to elect as between them, or asked a stay, or asked leave to plead not guilty and to reserve the right to retract and plead *autrefois convict,* if convicted on the earlier indictment. I by no means intend to be understood as intimating that all or any of these methods would have been the correct procedure; we are dealing here simply with the question of whether or not there was a waiver, and as regards that

question it would seem to me to be of little, if any, moment by what means, however informal, his objection were made known to the court. Where, as here, he did nothing whatever (except to plead not guilty to all the indictments), there is nothing so far to prevent the inference of waiver, at least, as the result of his entire conduct. Subsequently, he retracted and pleaded *nolo contendere* to *all* the indictments. There was nothing to compel him to do this; there was nothing to impel him to do it as a matter of righteous and commendable conduct. Even if we can assume that he was actuated by praiseworthy motive rather than a selfish hope of diminishing a punishment that he knew was certain, all that he was called upon to do was to offer to plead guilty or *nolo contendere* to the blanket indictment *or* the eight later indictments, the one or the other. He not only took no such course, but did nothing else of any kind tending in anywise to rebut the inference of waiver which it seems to me must therefore necessarily be drawn from the fact of such plea.

But this is not all. I am entirely satisfied from the evidence that he was not in fact sentenced at one and the same time, in a single pronouncement, on all nine indictments. (The state contends that he was in fact never sentenced on indictment No. 189 at all, but from the evidence before me I am compelled to find that he was.) Neither was he sentenced on No. 189 on the same day that he was sentenced on the other eight. I have no doubt whatever but that Judge McCarthy imposed sentence upon the present petitioner on March 27th, 1919, in substantially the following language: "Albert Hall, you have pleaded *non vult* to indictments Nos. 331 to 338, inclusive, of December term, 1918. The sentence of the court is that you shall be confined in the state prison at Trenton at hard labor for a minimum term of one year and a maximum term of three years, upon each of these nine indictments, the sentences to run consecutively, and in addition you are to pay the costs. This will make a total minimum term of nine years and a total maximum term of twenty-seven years."

. From this it will be observed that petitioner was actually sentenced on indictments 331, 332, 333, 334, 335, 336, 337 and 338, the sentences being from one to three years on each indictment. The fact that Judge McCarthy said that these indictments constituted nine indictments, when in fact they total only eight, was a mistake (to which the existence of indictment No. 189 may or may not have been a contributing cause), but at most it was mere surplusage and was no part of the sentences actually imposed. The same thing is true as to his statement that the aggregate terms would total from nine to twenty-seven years.

The date of the sentence on indictment No. 189 does not appear in the evidence before me, but since it was not on the same day as the sentences on the other eight, and must necessarily been prior (since the commitment on No. 331 shows the term is to commence at the expiration of the term on No. 189), at least one day intervened between the two impositions of sentence. Yet he made no attempt to ask leave to withdraw his plea on the other indictments and plead *autrefois convict* instead, or to move to quash, or to move in arrest of judgment, or anything else in anywise intimating an objection against being sentenced on the other eight indictments. It may be added that there is no intimation of any attempt to secure a reconsideration of the sentences or review on appeal.

If there be anything in the entire course of his conduct tending in the slightest to rebut or prevent the inference of waiver, I am unable to discern it. The view I take renders unnecessary the determination of the several other questions discussed in the briefs of counsel, interesting though they be.

The prisoner must be remanded.