## LEVIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1925.)

No. 4310.

**1. Criminal law ⊛⇒200(1)—Making false income tax return held not same offense as perjury, within rule prohibiting double jeopardy.**

Making false income tax return under oath, which, under Revenue Act 1918, § 253, is misdemeanor, is not same offense, within constitutional prohibition against double jeopardy, as perjury, under Criminal Code, § 125 (Comp. St. § 10295), though both arose from same transaction.

**2. Perjury ⊛⇒7—Perjury may be committed in making out false income tax return.**

Perjury, as defined in Criminal Code, § 125 (Comp. St. § 10295), may be committed in making of false income tax return.

**3. Perjury ⊛⇒11(3)—May be committed, even if false statement is never filed or used.**

Perjury, as defined in Criminal Code, § 125 (Comp. St. § 10295), may be committed by falsely swearing to written statement required by law, even if statement is never in fact filed or used.

**4. Criminal law ⊛⇒161—Constitutional inhibition is not against double punishment for one offense, but against double jeopardy for same offense.**

Constitutional inhibition against double jeopardy is not against double punishment for one offense, but against double jeopardy for same offense.

**5. Criminal law ⊛⇒204—Rule as to waiver of immunity from second jeopardy stated.**

Constitutional immunity from second jeopardy is personal privilege, which may be waived, and waiver may be either express or implied, and is always implied when there is failure to raise objection at first opportunity, and objection comes too late when raised for the first time on motion in arrest of judgment.

**6. Criminal law ⊛⇒393(2)—Searches and seizures ⊛⇒7—In absence of application for return of books surrendered to internal revenue agent and of motion to suppress, admission of books did not violate Fourth or Fifth Amendments.**

Where defendants' books were seized under search warrant without objection, after defendants had voluntarily permitted internal revenue agent to inspect them, and no application for their return, motion to suppress, nor objection that books tended to incriminate defendants was made, admission of books in evidence did not violate Const. Amends. 4, 5.

**7. Criminal law ⊛⇒695(5)—Defendants' objection that oral testimony of book entries was not best evidence waived objection to admission of books.**

In prosecution for making false income tax return and for perjury, under Revenue Act 1918, § 253, and Criminal Code, § 125 (Comp. St. § 10295), defendants' objection that testimony by their former bookkeeper as to entries in their books was not best evidence, waived objection that admission of books in evidence violated Const. Amends. 4, 5, and defendants were not prejudiced by admission of books.

**8. Criminal law ⊛⇒895—Objection to introduction of testimony unlawfully obtained may be waived, and waiver may be established by conduct amounting to estoppel.**

Objection to introduction of testimony unlawfully obtained may be waived, and waiver of constitutional privilege may be established by conduct amounting to estoppel.

**9. Criminal law ⊛⇒369(2)—Refusal to strike out testimony of attempt to bribe revenue officer relating to returns for other years held not error.**

In prosecution under Revenue Act 1918, § 253, for making out false return for year 1920, where there was evidence that internal revenue officer, investigating defendant's tax returns for years 1917, 1918, and 1919, was requested by one of defendants to include in false income tax return an audit of years 1920 and 1921, refusal to strike out officer's testimony relating to offer of bribe was not error.

**10. Partnership ⊛⇒175—One partner cannot be prosecuted for crime committed by copartner, but all partners may be equally guilty, if partnership engages in unlawful business.**

One partner cannot be prosecuted for crime committed by copartner, but if partnership, with knowledge of all its members, engages in unlawful business, all are equally guilty.

**11. Internal revenue ⊛⇒47—Sentencing individual partners, under indictment charging them as members of partnership with making false income tax return, held not error.**

Under indictment charging that defendants, as members of partnership, made false return of income tax, in violation of Revenue Act 1918, § 253, sworn to by one of them, it was not error to impose separate sentences on individual partners, instead of imposing penalty on partnership itself, where all partners participated or acquiesced in making return, in absence of demurrer to indictment for duplicity, motion to quash, or objection to consolidation of all indictments for trial.

**12. Criminal law ⊛⇒889—Court's refusal to receive incomplete verdicts not error.**

Court did not err in refusing to receive verdicts, as being incomplete in not finding "guilty" or "not guilty" as to certain counts, and in directing jury to find verdicts of guilty or not guilty as to each count; such failure to return verdicts as to certain counts not amounting to acquittal.

In Error to the District Court of the United States for the Southern Division of the

Northern District of California; John S. Partridge, Judge.

Joseph Levin and others were convicted of making false income tax returns and of perjury, and they bring error. Affirmed.

The plaintiffs in error were convicted as charged under four indictments, which were consolidated for the ·purpose of the trial. The first indictment in the first count charg-'ed Joseph Levin with violation of the provisions of the Revenue Act of 1918 in making under oath a false income tax return for the year 1920 and filing the same with the internal revenue collector. 'In the second count he was charged with perjury as defined by section 125 of the Criminal Code (Comp. St. § 10295), in that he made under oath a false ·income tax return for the year 1920. In the second indictment Joseph Levin, M. C. Levin, Jennie Levin Meyers, and S. A. Levin, doing business under the firm name of M. Levin & Sons, were charged in the first count with making and filing with the collector of · internal revenue a false return of the income of said firm for the year 1920, which was sworn to by Joseph Levin. In the second count Joseph Levin was charged with perjury in swearing to the said partnership return of income. In the third indictment M. C. Levin was charged in the first count with making under oath a false return of his income tax for the year 1920 to the collector of internal revenue, in violation of the Revenue Act of 1918. In the second count he was charged with perjury under section 125 of the Criminal Code in making a false oath as to his return. In the fourth indictment S. A. Levin was likewise charged in the first count with making a false return under oath, and in the second count with perjury in making the oath.

In imposing sentence, Joseph Levin, on his conviction under the first count of the first indictment, was sentenced to be imprisoned for 30 days in the county jail and to pay a fine of $1,000, and upon his conviction on the second count of that indictment he was sentenced to imprisonment for one year and one day in the United States penitentiary. Under the second indictment Joseph Levin was sentenced on the first count to be imprisoned one year in the county jail and to pay a fine of $10,000, and on the second count to be imprisoned for the period of one year and one day in the United States penitentiary, the judgment of imprisonment on that count to run consecutively with that imposed under the first indictment; and under the first count of that indictment M. C.

Levin was sentenced to be imprisoned for one year in the county jail and to pay a fine of $10,000, and S. A. Levin was sentenced to be imprisoned six months in the county jail and to pay a fine of $10,000. Under the third and fourth indictments M. C. Levin and S. A. Levin were each sentenced·to be imprisoned under the first counts thirty days in the county jail and to pay a fine of $1,-000, and under the second counts each was sentenced to imprisonment in the United States penitentiary for one year and one day.

Edgar C. Levey and Harry·A. Encell, both of San Francisco, Cal. (John L. McNab and Bert Schlesinger, both of San Francisco, Cal., of counsel), for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The imposition of sentences on the second counts of the indictments is assigned as error for the reason that the defendants had already been convicted on the first counts, and in those counts the transactions embraced the identical transactions set out in the second counts. There was no demurrer to the joinder of the two counts in either of the indictments, and no demand was made that the government elect that on which it would prosecute. No objection was made to the instructions by which both counts were submitted to the jury. The question now presented was first raised on motion in arrest of judgment, where the point was made that a trial and conviction on the 'second counts of each indictment put the defendants in jeopardy for a second time for the same offense. Section 253 of the Revenue Act (40 Stat. 1085) declares that any one who willfully attempts in any manner to defeat or evade the tax imposed by this title shall be guilty of a misdemeanor. Perjury, as defined in the Criminal Code, is made a felony, and its elements are the taking of a false oath in any case in which a law of the United States authorizes an oath to be administered that the affiant will testify the truth, or that any written declaration or certificate by him subscribed is true, and the affiant "willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true."

[2] There can be no question but that perjury so defined is an offense which may be

committed in making out a false return to an income tax statement. The question here is whether both offenses were committed by the defendants, as charged in the indictment. In Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153, the court, while holding that two offenses, the one of breaking into a post office, and the other of stealing property belonging to the Post Office Department, may be committed, and separately charged and punished, said: "This court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense, where two are defined by the statutes." In Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489, the court quoted from the opinion of Judge Gray in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392, it was said: "It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact.'" In Carter v. McClaughry, 183 U. S. 365, 395, 22 S. Ct. 181, 193, 46 L. Ed. 236, the court said: "The offense of conduct unbecoming an officer and a gentleman is not the same offense as conspiracy to defraud, or the causing of false and fraudulent claims to be made, although to be guilty of the latter involves being guilty of the former." And it seems clear in principle that there can be no objection to making one act or one transaction the violation of two statutes, if each offense embraces an element not embraced in the other. This is not a case where two offenses are defined in a single statute. The offenses here charged are distinct in law. The first is an attempt to defeat or evade the tax imposed by the Revenue Act. The second is a crime against justice. In order to convict the defendants of an attempt to defeat or evade the Income Tax Law, it would not have been essential to show that they had in fact made oath to an income tax return; nor, to sustain the charge of perjury, would it have been es-

sential to prove that there was an attempt to defeat or evade the Income Tax Law.

[3] Perjury may be committed by falsely swearing to a written statement made as required by law, even if the statement is never in fact filed or used. Noah v. United States, 128 F. 270, 62 C. C. A. 618. And it has been held that, in order to convict a defendant of an attempt to defeat or evade the Income Tax Law, it is not necessary to show that he did in fact verify the false income tax return. Emmich v. United States (C. C. A.) 298 F. 5. In that case the defendant was charged with an attempt to defeat the Income Tax Law and with perjury in making out his return. The charges were, as in the present case, consolidated for trial. There was an acquittal on the perjury count, but a conviction on the charge of attempting to defeat the Income Tax Law.

[4, 5] But the contention that the defendants were twice placed in jeopardy for the same offense is answerable on other grounds. The constitutional inhibition is not against double punishment for one offense, but against double jeopardy for the same offense. It is uniformly held that the constitutional immunity from second jeopardy is a personal privilege, which may be waived, that the waiver may be either express or implied, that it is always implied when there is failure to raise the objection at the first opportunity, and that it comes too late when raised for the first time on motion in arrest of judgment. 16 C. J. 285; People v. Stoll, 143 Cal. 689, 77 P. 818; State v. Houghton, 45 Or. 110, 75 P. 887; State v. White, 71 Kan. 356, 80 P. 589, 6 Ann. Cas. 132; Blocher v. State, 177 Ind. 356, 98 N. E. 118; People v. McGinnis, 234 Ill. 68, 84 N. E. 687, 123 Am. St. Rep. 73; Ex parte Hall, 94 N. J. Eq. 108, 118 A. 347; White v. State (Okl. Cr. App.) 214 P. 202.

The plaintiffs in error cite Morgan v. United States (C. C. A.) 294 F. 84, Reynolds v. United States (C. C. A.) 280 F. 3, Grafton v. United States, 206 U. S. 333, 350, 27 S. Ct. 749, 151 L. Ed. 1084, 11 Ann. Cas. 640, and United States v. Torres (D. C.) 291 F. 138. It does not appear in those cases whether or not there was waiver of the constitutional privilege, except that in Reynolds v. United States it was held, without the citation of authority, that the objection might be raised on motion in arrest of judgment. That ruling is not in harmony with generally accepted doctrine, and we think it is unsustainable in principle. If two counts of an indictment charge a defendant with but a single offense, one alleged as a misde-

meanor, the other as a felony, the defendant ought not to be permitted to refrain from asserting his constitutional privilege until after a verdict of the jury, and then by motion in arrest of judgment raise the objection of double jeopardy and escape the severer penalty which might be imposed upon the second count.

[6, 7] Error is assigned to the rulings of the trial court in admitting in evidence certain entries in the books of the defendants. A former bookkeeper of the defendants was called by the prosecution to give oral secondary evidence as to the entries. An objection was sustained to the testimony on the ground that the books were the best evidence. Thereupon the witness was called upon to testify from the books, the books being present in court. Objection was made on the ground that the books had been obtained by force from the defendants under the provisions of a search warrant, and that their use in evidence would be violative of the provisions of the Fourth and Fifth Amendments. The search warrant under which the books had been taken from the defendants' possession was issued upon an affidavit of an internal revenue agent, in which he deposed that the books were being used as the means of committing fraud against the revenues of the United States in a manner specifically set forth in the affidavit, and had been used in preparing false returns of income. The affidavit further stated that on the day on which the affidavit was made two of the defendants offered and gave the affiant a bribe of $5,000, with the understanding that he should make a report to his superior officers that no additional tax over the amount paid on their original return was due from the defendants.

No objection was made to the sufficiency of the affidavit, and counsel for the defendants offered the warrant in evidence. No objection was made to the evidence on the ground that the books would tend to criminate the defendants nor was a motion made at any time that the evidence therein be excluded or that the books be returned to the defendants. The books were taken on the search warrant without objection by the defendants, and they remained in the possession of the officers of the revenue department until they were offered in evidence on the trial of the case in hand. The trial court overruled the objections on the grounds, first, that the constitutional amendment with regard to the income tax, and the statutes enacted in pursuance thereof, rendered the books books of account between the defend-

ants and the United States, and hence they were not within the protection of the Fourth and Fifth Amendments; second, that objection having been made by the defendants to oral testimony offered by the prosecution that the books were the best evidence, they could not subsequently object to the introduction of that which they had demanded by their objection; and, third, that having consented to the production or examination of the books for the purpose advantageous to them of showing that the books tallied with their income tax statements, the defendants could not subsequently object to their introduction in evidence in order to prove that the entries were false.

In Adams v. New York, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575, it was held in substance that there is no violation of the protection of the Fourth and Fifth Amendments in admitting in evidence in a criminal trial papers found in the execution of a valid search warrant prior to the indictment, and that the purpose of those amendments was to protect against compulsory testimony from the defendant against himself in a criminal trial and to punish wrongful invasion of the home of a citizen or the unwarranted seizure of his papers and property. The doctrine of that case has not been modified by any subsequent decision. In Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, it was held that the rule in Adams v. New York does not justify the retention of papers seized in violation of the protection given by the Fourth Amendment, where before trial an application has been made in the cause by the accused for their return to him.

In Johnson v. United States, 228 U. S. 457, 33 S. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263, a bankrupt had surrendered his books to a trustee, and these were thereafter used against him in a criminal trial over his objection. Said the court: "A party is privileged from producing the evidence, but not from its production. * . * * If the documentary confession comes to a third hand alio intuitu, as this did, the use of it in court does not compel the defendant to be a witness against himself." In Perlman v. United States, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, it was held that one who voluntarily and to serve his own interests has produced his papers as part of his testimony in an equity suit, in which they are impounded as exhibits, is not subjected to an unreasonable seizure or compelled to bear witness against himself, within the meaning of the

Fourth and Fifth Amendments, by the delivery of such exhibits to the district attorney and their use in evidence in a prosecution of the owner for perjury alleged to have been committed in the testimony.

The defendants rely upon Internal Revenue Agent v. Sullivan (D. C.) 287 F. 138, and United States v. Cooper (D. C.) 288 F. 604. In the Cooper Case books and papers had been lawfully obtained by the Internal Revenue Department as permitted by the statutes. Subsequently an indictment was found, and the accused filed an application for the return of the books and papers, and for an order to restrain the use thereof on the trial of the indictment. On a demurrer to that petition the court ruled that upon the facts pleaded in the petition the petitioners were entitled to an order that the books be returned to them; but, in view of the fact that a number of affidavits had been filed on behalf of the prosecution indicating that the books and papers had been voluntarily delivered by the defendants, the court set the petition down for hearing on the facts. This was done evidently upon the theory that, if it were shown on the hearing that the documents had been voluntarily delivered to the Internal Revenue Officer, the petition would be denied. In the Sullivan Case an internal revenue agent applied for an order requiring the defendant to produce his books and papers pertaining to his income. He declined to produce his individual books and papers, on the ground that to do so might tend to criminate him, and might furnish evidence to the prosecution on an indictment then pending against him for defrauding the government in the purchase of army supplies. The motion was denied without prejudice to its renewal after a trial under that indictment.

Neither of those decisions meets the question of the right of the accused to invoke the protection of the Fourth and Fifth Amendments against the use of books and papers which he has surrendered to an internal revenue officer, and where he has filed no application for their return to him, and has made no motion for their suppression as evidence against him, and they are offered in evidence under such circumstances as those indicated in the record in the case at bar. Here an internal revenue agent, who qualified as an expert accountant, had been permitted free inspection of the books prior to the issuance of the search warrant, and had acquainted himself with their contents, so that the government was in possession of oral evidence to prove all that was sought to be obtained from the books to sustain the indictments. The government was halted in the production of such oral testimony by the defendants' objection that the books were the best evidence. No objection was made on the ground that the books might tend to incriminate the defendants, as was the case in Arndstein v. McCarthy, 254 U. S. 71, 41 S. Ct. 26, 65 L. Ed. 138, nor was the evidence thus acquired obtained by wrongful access to or possession of the books, as was the case in Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319.

[8] Again, it seems clear that the defendants, by objecting to the oral testimony on the ground that the books were the best evidence, knowing as they did that the books were in court, and knowing the manner in which they had been brought there, must be held to have demanded the introduction of the books. "With certain exceptions an individual may waive constitutional provisions intended for his benefit." 6 R. C. L. 93. The exceptions are cases where a question of public policy or of public morals is involved. No such question is involved here. The objection to the introduction of testimony, even if unlawfully obtained, may be, and often is, waived, and the waiver of a constitutional privilege may be established by conduct amounting to an estoppel. Thus the constitutional right to a jury trial in cases of misdemeanor may be waived. Hallinger v. Davis, 146 U. S. 314, 13 S. Ct. 105, 36 L. Ed. 986. "And in the administration of the criminal law constitutional rights have been held waivable in common with mere irregularities." 8 R. C. L. 69; Oborn v. State, 143 Wis. 249, 126 N. W. 737, 31 L. R. A. (N. S.) 966; State v. Vanella, 40 Mont. 326, 106 P. 364, 20 Ann. Cas. 398; Brown v. Epps, 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676.

Immunity from search and seizure may be waived. Dillon v. United States (C. C. A.) 279 F. 639; Windsor v. United States (C. C. A.) 286 F. 61. And the constitutional right to be confronted by the witnesses against him may be waived by the defendant. Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138. The objection which was made to the admission of the oral testimony concerning the entries in the books was sustainable only on the theory that it was not the best evidence, and that the books themselves were available as evidence. If as a matter of fact the books were not available for evidential purposes, the prosecution was entitled to the introduction of the secondary evidence, which it proffered, and which it had lawfully

obtained. In view of that fact, it cannot be said that the defendants have been prejudiced by the admission of evidence which the government was unquestionably entitled to introduce in the one form or the other.

[9] Error is assigned to the denial of the defendants' motion to strike out testimony concerning the bribe said to have been offered by two of the defendants to the officer who was investigating the tax returns of all the defendants for the years 1917, and 1918, and 1919. It is contended that the testimony was irrelevant, for the reason that the indictments related only to the tax returns for the year 1920. But there was evidence that the officer was requested by one of the defendants to include in a false income tax report an audit, also, of the years 1920 and 1921. The court, in instructing the jury, charged them that it made no difference whether or not they found that the guilty knowledge of the defendants pertained to the year 1920, and that they were entitled to take into consideration the evidence of the bribe in determining the question whether or not the defendants made false returns as to the year 1920. No exception was taken to the charge. The evidence as to the offer of the bribe was clearly admissible as to the two defendants who made it, and no objection was interposed that it was inadmissible against the other defendant by reason of his nonparticipation in the offer. The motion to strike out was properly denied.

[10, 11] It is urged that no separate sentence should have been imposed upon the defendants under the first count of the indictment against the partnership; that the penalty should have been directed against the partnership itself in the nature of the fine and not against each individual member. Section 253 of the Revenue Act contemplates that the offense may be committed by "any individual, corporation, or partnership, or any officer or employé of any corporation or member or employé of a partnership." Undoubtedly, if the prosecution is in possession of facts to prove that each member of a partnership participated in making a false return of the partnership income, all may be joined in an indictment. Here there was no demurrer to the indictment against the partnership for duplicity, no motion to quash, and no objection to the consolidation of all the indictments for trial. And no assignment of error presents the contention which is now made.

Our attention is not directed to any failure of evidence to connect each of the members of the partnership with the offense which is charged. It is true that one partner cannot be prosecuted for crime committed by his copartner; but if a partnership, with the knowledge of all its members engaged in an unlawful enterprise or business, all are equally guilty, and in the case at hand it is reasonable to assume, from all the circumstances, that each member of the firm participated in making the partnership false return, or at least acquiesced in it, so that it became the act of all.

[12] The contention is made that the trial court erred in refusing to receive the verdict of the jury as rendered, and in directing the jury to find verdicts on other counts in the indictment. The jury returned into court and said that they had agreed upon a verdict. The court said: "Gentlemen, these verdicts are not complete. You should find a verdict in each case as to each count. * * * Your verdict should be amended, so that it reads 'Guilty' or 'Not guilty' as to each count." The jury retired, and later returned with their verdicts upon all the counts. The record does not show as to what counts verdict was omitted on the jury's first entry into court. There is no merit in the contention that as to those counts the failure to return a verdict amounted to an acquittal, for no verdict was received by the court until the jury had completed their deliberations. The cases cited by the defendants (Jolly v. United States, 170 U. S. 401, 18 S. Ct. 624, 42 L. Ed. 1085, and Selvester v. United States, 170 U. S. 265, 18 S. Ct. 580, 42 L. Ed. 1029) have no application to the facts in the present case.

Also without merit is the contention that the evidence was insufficient to warrant the conviction of the defendants. There was no motion for a directed verdict of acquittal, and no objection was made to the submission to the jury of all the charges against all the defendants. Notwithstanding the failure thus to present the question to this court, we have looked into the evidence, and we think there was sufficient to go to the jury on the question of the guilt or innocence of each of the defendants.

We find no error. The judgments are affirmed.