JANE JOSEPHINE KYTE

*v.*

GEORGE D. KYTE et al.

[Decided September 7th, 1907.]

A will devising unto testator's wife "for herself and all her children" all testator's real estate, the wife does not take all the property with power to sell and convey free of any interest of her children, but she and they take as tenants in common.

On bill for specific performance.

*Mr. Charles M. Dolliver* and *Messrs. Reed & Coddington,* for the complainant.

*Messrs. Codington & Swackhamer,* for the defendants.

BERGEN, V. C.

George Kyte died seized of real estate, leaving a last will and testament in which he devised his land as follows: *"Second.* I give and devise unto my wife, Jane Josephine Kyte, for herself and her children any and all real estate that I may die seized of."

The wife and the defendant James F. Devine entered into a written agreement for the conveyance and purchase of a portion of the testator's real estate, which contract the defendant Devine refuses to fulfill, offering as an excuse that the wife was not, under the clause of her husband's will above set out, empowered to convey a marketable title according to the terms of her contract. The bill filed in this cause seeks the specific performance of the contract for sale and purchase, and in order to ascertain whether the complainant is entitled to the decree she seeks, it becomes necessary to construe the testator's will, of which the clause above recited is the only pertinent part.

The claim of the complainant is that by the terms of the devise referred to she takes an estate in fee-simple, with the power to sell and convey the land free and discharged of any interest of her children therein. It appears that at the time the will was executed, and at the death of the testator, the wife had children living, and if the gift had been to her and her children it would have fallen directly within the ruling laid down in *Gordon* v. *Jackson, 58 N. J. Eq.* (*13 Dick.*) *166, 169,* but it is sought to distinguish the present case from that because the gift in the first instance is to the wife, "for herself and her children," indicating, as it was urged, no gift to the children. The argument does not appeal to me with any force. The clear intention of the testator was to give to his widow and children, for their joint benefit, all of the real estate of which he died seized, and to accept the view urged by the complainant would necessarily deprive her children of all beneficial interest, a situation manifestly not within the contemplation of the testator. The plain effect of the words used is to vest a concurrent interest in the wife and her children without the slightest indication appearing in the will of an intent, on the part of the testator, to overthrow the reasonable presumption arising from the language used.

The conclusion which I have reached is that the wife and her children take, under this will, all of the real estate of the testator as tenants in common, and that the title tendered by the complainant, which she seeks to compel the defendant to accept, is not the title which she contracted to convey, and therefore the bill of complaint must be dismissed, with costs.