JOHN HADELMAN, PROSECUTOR. v. GEORGE HARRIS, RESPONDENT.

Submitted March 20, 1919—Decided June 2, 1919.

1. Under the supplement of 1903 to the Landlord and Tenant act (*Pamph. L.*, p. 26; *Comp. Stat.*, p. 3070), as amended in 1910 (*Pamph. L.*, p. 233), 1913 (*Pamph. L.*, p. 743) and 1915 (*Pamph. L.*, p. 96), a justice of the peace has no jurisdiction in summary dispossession proceedings in cases where the premises are situated in a city where there is a District Court.
2. Jurisdiction over the subject-matter of a suit cannot be conferred by consent, nor can the right to object to the want of it be lost by acquiescence or neglect.

On *certiorari*.

Before Justices PARKER and MINTURN.

For the prosecutor, *Edward F. Merrey.*

For the respondent, *Francis Scott.*

The opinion of the court was delivered by

PARKER, J. The fundamental question is as to the jurisdiction, if any, of a justice of the peace in summary proceedings to dispossess a tenant, where the premises are in a city which has a District Court. The facts are not disputed; the premises are in the city of Paterson; that city has a District Court; and in this case a justice of the peace entertained the landlord's complaint, issued a summons and took cognizance of the case to judgment and warrant of dispossession. This writ, of course, challenges his jurisdiction, and that alone; and whatever jurisdiction he had must come from the statute.

It is manifest that under the act of 1903, page 26, found in *Comp. Stat., p.* 3070, which was enacted in view of the decision in *Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157, a justice of the peace had no jurisdiction in such a case as this. No question is raised on that score; and the amendment of 1910 (*Pamph. L., p.* 233) merely adapted the statute to the new plan of "judicial districts" in and for which District Courts were established about that time. In 1913 the legislature undertook to amend further 'the act of 1903 by reframing the first two sections; the amended first section, by some oversight, provided only for the case of holding over after the expiration of the term and omitted cases of default in payment of rent. *Pamph. L., pp.* 743, 744. This was corrected by *Pamph. L.* 1915, *p.* 96, and the act as finally amended is that to be considered at this time. It provides, in section 1 (abstracting the language except where quoted), that any tenant, &c., of any houses, lands or tenements and the assigns, &c., of such tenant may be removed from such premises "by any District Court in the county where such premises are situated or by any justice of the peace of the county where such premises are situated *in the manner hereinafter prescribed* in the following cases:" (I.) holding over

after expiration of term and notice; (II.) default in rent. Section 2, the first of those relating to manner of procedure, contains the provisions that "the landlord may make affidavit of the facts," and may file the same with the clerk of any District Court within the limits of the county in which the premises are situated *or in case the premises do not lie within a first-class county or within a city or a judicial district in which there is a District Court, then with any justice of the peace* of the county in which the premises are situated; and on filing such affidavit the clerk or justice of the peace with whom the same is filed shall issue a summons, &c., &c.

Section 1, taken alone, seems to confer jurisdiction generally on both District Courts and justices of the peace; but when considered with section 2, it is plain that the jurisdiction of the justices is restricted to cases where the premises lie neither within a first-class county nor in a city or judicial district in which there is a District Court; for in all other cases there is only one class of officials with whom the affidavit may be filed—*i. e.,* the clerks of District Courts; and as the summons can issue and the case proceed only on filing of the affidavit, and when filed with the clerk, that functionary is to issue summons, it is plain that a justice who is not empowered to receive the affidavit is not invested with jurisdiction to issue the summons or to hear the case.

It follows, therefore, that the proceeding brought up in this case was *coram non judice* for want of jurisdiction of the subject-matter.

The point is made that there was an appearance and a defence on the merits, and the objection to jurisdiction was therefore waived. But waiver is not applicable in cases where the tribunal had no jurisdiction of the subject-matter. *School Trustees* v. *Stocker,* 42 *N. J. L.* 115; *Wheeler & Wilson Manufacturing Co.* v. *Carty,* 53 *Id.* 336; *Collins* v. *Keller,* 58 *Id.* 429.

The judgment and proceedings will be set aside, with costs.