LESTER W. KING, HAROLD W. KING AND FRANCIS QUIG-
LEY, INDIVIDUALLY AND TRADING AS KING AUTO
FINANCE COMPANY, PLAINTIFFS-RESPONDENTS, v.
AMEDEO SCALA, DEFENDANT-APPELLANT.

Submitted May 17, 1932—Decided February 15, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-respondents, *Matthew Krafte.*

For the defendant-appellant, *Matthew F. Melko.*

The opinion of the court was delivered by

CASE, J.   This appeal is from a judgment of possession
rendered by the New Brunswick District Court, the judge
sitting without a jury, in favor of the plaintiffs and against
the defendant in a replevin suit concerning two automobiles.

Appellant's single point is that the value of the replevined
chattels was in excess of $500 and that therefore the District
Court had no jurisdiction.  The respondents make two points

in reply, first, that the court obtained jurisdiction upon the filing of the affidavit of value required by the one hundred and twenty-third section of the District Court act, and, second, that if the defendant was at all entitled to attack the jurisdiction of the court, he was under the necessity of doing so by a special appearance and upon notice to have the writ dismissed on the ground of lack of jurisdiction before the entering of a general appearance and participation in the trial of the case. There was no entering of a general appearance except to the extent that that was accomplished by participating in the trial, and the trial, so-called, was really not a trial of the plaintiffs' case but, as will hereinafter appear, was, in so far as the defendant was concerned, an admission of the plaintiffs' proofs and an effort to prove that the value of the goods was above the jurisdictional limit of the District Court.

The appeal comes up on an agreed state of the case which discloses that: on the issuing of the writ an affidavit was filed setting forth the value of the two automobiles at $350 and $150, respectively; after the cars were seized a redelivery bond was given by the defendant in the sum of $2,000; a state of demand was filed in course; at the hearing the plaintiffs proved the facts upon which they relied for right of possession and the defendant admitted the truth of all of the testimony so introduced; defendant's attorney endeavored to cross-examine plaintiff as to the value of the replevined cars but the questions were, on plaintiffs' objection, overruled; the only proof adduced by the defendant was that the value of the two cars was between $750 and $1,000; there was no contradictory testimony; defendant then moved for a dismissal on the ground that the testimony showed that the value of the automobiles exceeded the jurisdictional amount of the District Court. Decision was reserved. Later the court gave plaintiffs judgment "for possession and $5.46 costs of suit."

The authority of the District Court to entertain replevin suits is in section 118 of the District Court act (2 *Comp. Stat.*, p. 1947; *Pamph. L.* 1898, p. 603), which provides that "* * * writs of replevin may issue out of any Dis-

trict Court * * * where the value of the goods or chattels of which replevin is sought does not exceed the jurisdiction of the court." The jurisdiction of the court, as fixed by section 30, embraces "every suit * * * where the * * * matter in dispute does not exceed, exclusive of costs, the sum or value of five hundred dollars." It follows that a replevin action directed against goods or chattels the value of which is above $500 is not within the jurisdiction of a District Court.

Section 123 of the District Court act, under which the affidavit referred to by respondents in their point 1 was filed, provides that "every constable or sergeant-at-arms, before he makes deliverance of any goods or chattels by virtue of any writ of replevin, shall take in his own name from the plaintiff, with sufficient surety, a bond in double the value of the goods and chattels mentioned in the writ, such value to be ascertained by the oath or affirmation of one or more disinterested witnesses * * * and conditioned for prosecuting the suit with effect and without delay, and for duly returning the said goods and chattels in case a return shall be awarded, * * *." The section in its relevant parts is the same, *mutatis mutandis,* as section 6 of the General Replevin act (3 *Comp. Stat., p.* 4368), which has no relation whatever to jurisdictional limitation of value. It is to enable the officer to require a bond with sufficient surety to protect the defendant from the results of an improper seizure. Except for the method (viz., by the oath or affirmation of one or more disinterested witnesses) prescribed for the ascertainment of value and the arbitrary fixing of the amount of the bond at double the value it is not unlike section 4 of the Replevin act of 1795 (*Elm. Dig.* 466), of which it was said by the Court of Errors and Appeals in *West* v. *Caldwell,* 23 *N. J. L.* 736, that "the ascertainment of the value by appraisement * * * was only to aid the officer in determining the amount for which the bond was to be taken" and that "neither party can be presumed to have assented to the value mentioned in the bond." Whatever actual participation, if any, the plaintiffs had in the initial fixing of value, the defendant had none. We consider that such an affidavit is without finality in determining the

jurisdiction of the District Court and that it does not avail against testimony taken on that issue before the court and in the presence of the parties.

With regard to the respondents' second point. Section 133 of the District Court act provides that in replevin actions "the plaintiff shall file his state of demand * * * and the case shall proceed as other actions, without further pleadings; on the trial of the cause, the defendant may set up any and all defenses to which he may be entitled * * *."

While the appellant did not make formal motion directed toward lack of jurisdiction until he had introduced the testimony to sustain his motion, nevertheless his admission of the truthfulness of all of plaintiffs' proofs and his consistent and exclusive attack upon value disclosed his contention. That was his only point; he brought out testimony on that alone and directed his motion to it before the court had made a ruling dispositive of any phase of the case.

The plaintiffs did not, at the trial, dispute the truthfulness of defendant's proofs or contentions. They simply argued, as they argue now, that the defendant had waived his right to attack the jurisdiction of the court by participating in the trial and examining the witnesses and proceeding with his defense. But waiver is not applicable in cases where the tribunal had no jurisdiction of the subject-matter. *Hadelman* v. *Harris*, 93 *N. J. L.* 66; *State* v. *Baker*, 102 *Id.* 349; *Kuestner* v. *Boscarell*, 5 *N. J. Mis. R.* 303; *School Trustees* v. *Stocker*, 42 *N. J. L.* 115. The instant action was, throughout, for the recovery of possession of the chattels. At no time was it diverted, by substituting damages in the place of the things sought, into a money action. Judgment was for possession. The automobiles were, and remained, the subject-matter of the litigation and, since they exceeded $500 in value, were outside the court's jurisdiction. While there was nothing on the face of the strict record to apprise the trial court that the cause was beyond jurisdiction, the fact was nevertheless established by the proofs and appropriate action by the court was moved. See *Wheeler and Wilson Manufacturing Co.* v. *Carty*, 53 *Id.* 336, wherein it was made to appear

that a corporation that had been sued in a justice's court, having jurisdiction over domestic corporations, was in fact a foreign corporation, and the judgment below for the plaintiff was thereupon reversed.

Furthermore, whether there might or might not have been a waiver, we think that under the circumstances of the case there was none.

Inasmuch as the uncontroverted evidence submitted at the trial was that the value of the chattels exceeded $500, the defendant was entitled to prevail on his motion to dismiss for lack of jurisdiction. The judgment rendered for plaintiff was in effect a denial of that motion and therefore was error.

The judgment will be reversed, costs to abide the event.