OSCAR MacFARLAND, INDIVIDUALLY AND TRADING AS BERGEN APPLIANCE SERVICE, PLAINTIFF-APPELLEE, v. CHARLES LUDWIG, Jr., AND RUDOLPH HUBER, INDIVIDUALLY AND TRADING AS HOMAID ICE CREAM, DEFENDANTS-APPELLANTS.

Submitted January 19, 1943—Decided May 10, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellants, *Major & Carlsen* (*James A. Major,* of counsel).

For the appellee, *Irving S. Reeve.*

The opinion of the court was delivered by

PERSKIE, J. This is a replevin action. Defendants have appealed from an adverse judgment of the District Court of the First Judicial District Court of the County of Bergen.

The original suit was in two counts but this appeal concededly involves only the first count by which plaintiff sought to recover possession of certain machinery which defendants purchased under a conditional sales contract from him. The total purchase price called for in the agreement was $2,526. The "time price," however, called for cash on or before delivery of $400 and $200 on delivery, and balance payable in 24 equal consecutive monthly installments of $89.88 each,

or a total of $2,757.12. The contract was assigned immediately after the delivery of the machinery to the Commercial Credit Corporation which notified defendants that there was a balance due of $2,157.12. Defendants paid this sum to the Commercial Credit Corporation plus the sum of $31.12 as a finance charge and demanded a bill of sale. The contract, however, had been delivered by the Commercial Credit Corporation to the present plaintiff who then demanded the $200 allegedly due and not paid when the machinery had been delivered. This demand was refused and the present suit was instituted.

Inasmuch as we are of the opinion that the proofs fail to disclose that the court had jurisdiction over the subject-matter of the suit, a more detailed statement of the proofs adduced is unnecessary. It shall suffice if we mark the fact that, apart from the affidavit of value presented with the replevin bond (*N. J. S. A.* 2:32-285), there was no proof whatever of the value of the goods sought to be replevied. Such affidavit is insufficient, in and by itself, to confer jurisdiction. *King* v. *Scala,* 110 *N. J. L.* 321; 165 *Atl. Rep.* 426.

The jurisdiction of the District Court in our state is prescribed by statute. *N. J. S. A.* 2:8-40. The legislature conferred jurisdiction upon the District Courts in replevin matters "where the value of the goods or chattels * * * does not exceed the jurisdiction of the court" (*N. J. S. A.* 2:32-279) and, even more explicitly, "where the value of the goods and chattels * * * does not exceed * * * five hundred dollars * * *." (*N. J. S. A.* 2:8-40). Since the District Court has only the jurisdiction conferred upon it by statute, we think that it was incumbent upon the plaintiff to prove that his cause of action, if any, was within the jurisdictional limits prescribed by the legislature. Such proof relates to jurisdiction over the subject-matter and cannot be waived. *King* v. *Scala, supra* (at *p.* 324). And, as already observed, there is no legal proof in the record before us as to the value of the goods sought to be replevied.

This disposition of the cause makes unnecessary any discussion of the additional points raised and argued.

The judgment is reversed, with costs.