CUMBERLAND COUNTY CIRCUIT COURT.

IRENE B. SHEPPARD, PLAINTIFF, v. PHILADELPHIA
RECORD COMPANY, A CORPORATION, DEFENDANT.

Decided September 24, 1946.

For the plaintiff, *Stanger & Howell.*

For the defendant, *Boyle, Archer & Greiner.*

EASTWOOD, C. C. J.   Application has been made to me by
the defendant corporation in the above matter to quash the
writ of attachment issued out of the Cumberland County Cir-
cuit Court on March 7th, 1946, on the ground that the writ
in question was improperly executed by the sheriff of Cumber-
land County and having been so defectively executed that the
writ has no legal vitality.   In opposition to the defendant's
motion, it is maintained by the plaintiff that the writ was
properly executed by the sheriff or that in the event the writ
was not properly executed then this court may exercise its
power of amendment to cure such alleged defective execution.
It is also contended by the plaintiff that the defendant has,
by its actions, taken such steps in the cause as constitute a
general appearance, and that, therefore, the defendant has

admitted the jurisdiction of the court and the defendant is thereby estopped to question the effectiveness of the method by which it was brought into court.

It appears that the writ, *sub judice,* was issued in accordance with the provisions of *R. S.* 2 :42–72, *et seq.; N. J. S. A.* 2 :42–72, *et seq. Pamph. L.* 1903, *ch.* 247, as amended by *Pamph. L.* 1907, *ch.* 114, commonly known as the Practice Act of 1903. Parenthetically, it may be observed that attachment proceedings under the Practice Act of 1903 are comparatively rare, the more popular procedure and that generally followed being proceedings under the Attachment Act of 1901. *Pamph. L.* 1901, *ch.* 74. *R. S.* 2 :42–1, *et seq.; N. J. S. A.* 2 :42–1, *et seq.* However, it is provided in *R. S.* 2 :42–76; *N. J. S. A.* 2 :42–76, that the issuance of writs of attachment, and the practice and procedure relating thereto under the Practice Act of 1903, shall be the same as in cases of attachment under the Attachment Act of 1901.

As to the salient facts before me it may be briefly stated that they are as follows: On March 7th, 1946, the writ of attachment in question was issued out of the Cumberland County Circuit Court in the amount of $1,500 on the order of a Supreme Court Commissioner, who awarded the writ in the sum of $1,500 against the rights and credits, moneys and effects, goods and chattels and real estate belonging to the defendant in this state. Pursuant to the order and the writ the sheriff of Cumberland County, together with one Samuel E. Brown, a freeholder of said county, went to the premises of one Earl Hummel, Sr., trading as South Jersey News Agency, Bridgeton, New Jersey, to the premises of one George Bozarth, Millville, New Jersey, and to the premises of one Louis N. Steiner, Vineland, New Jersey, all of whom were news dealers and then and there declared that he, the sheriff, attached moneys in the hands of the said news dealers due and owing to the defendant, Philadelphia Record Company. The sheriff then proceeded to make an inventory and appraisement in the presence of the said Samuel E. Brown, which inventory was set forth in the following words: "Money in the hands of [the named news dealers] due and owing to Philadelphia Record Company, a corporation." Under the

word appraisement appears the word "Unknown." The sheriff left a copy of the writ with each of the news dealers and returned the writ into court on March 14th, 1946. The plaintiff filed her complaint on April 1st, 1946, together with a rule to plead. The defendant then served notice of this application, service of which was acknowledged by plaintiff's attorneys on April 25th, 1946, and which motion was argued before me orally at chambers in Bridgeton. Because of the novelty of the question presented for adjudication I have requested written memoranda to be filed, which has been done, the benefit of which I have had and which have been of very material assistance in aiding the court in arriving at its decision.

It will be immediately perceived that the legality of the writ in question depends entirely upon whether or not the same was properly and legally executed by the sheriff of Cumberland County. If so, then our inquiry is at an end and the writ must stand. If not, this court is without jurisdiction and the writ must fall. Directing our attention to the provisions of *R. S.* 2:42–18; *N. J. S. A.* 2:42–18, relating to the execution of the writ and the inventory and appraisement the statute provides:

"The officer to whom an attachment is directed shall execute it by going to the house or lands of defendant, or to the person or house of the person having the custody or possession of defendant's property and estate, and then and there declare, in the presence of at least one credible person, that he attaches, at the suit of plaintiff, the rights and credits, moneys and effects, goods and chattels and real estate of the defendant, at the suit of the plaintiff. He shall, with the assistance of one discreet and impartial freeholder, make a just and true inventory and appraisement, signed by himself and the freeholder, of all the property and estate of the defendant so by him attached. The freeholder shall be allowed one dollar a day for his assistance, to be paid by the officer and included in his fees. The inventory and appraisement shall be annexed to and returned with the writ, with an indorsement on the writ of the true time of its execution and signed by the officer."

It will thus be seen that one of the indispensable requirements of the execution of the writ is that "He [the sheriff] shall, with the assistance of one discreet and imparial freeholder, make a just and true inventory and appraisement, signed by himself and the freeholder, of all the property and estate of the defendant so by him attached." In the case at bar this has not been done. The appraisement places no value upon the property attached. The value, if any, is baldly stated to be "Unknown." The plaintiff has thus failed to comply with a jurisdictional requirement of a valid writ of attachment. The several cases cited by the plaintiff to the effect that this court has the power to amend the writ so as to set forth the true nature of the inventory and appraisement are not in point. The cited cases refer solely to the power of amendment with respect to ministerial acts and can in nowise be construed so as to permit an amendment to cure a jurisdictional deficiency.

Nor can the argument of the plaintiff prevail to the effect that the defendant by its subsequent actions has entered a general appearance and can not, therefore, object to the form or mode of execution of the writ of attachment in question. A defendant may, of course, waive any defects in the process or its service, and may confer jurisdiction upon the court so far as his person is concerned by so doing, but he can not thereby give a court jurisdiction over the cause of action. See *Ex parte Hall*, 94 *N. J. Eq.* 108; 118 *Atl. Rep.* 347; *Myslewitz* v. *Sullivan et al.*, 102 *N. J. L.* 61; 131 *Atl. Rep.* 57; *Collins* v. *Wheaton*, 85 *N. J. L.* 508; 89 *Atl. Rep.* 1004. Jurisdiction over the subject-matter of a suit can not be conferred by consent; nor can the right to object to such jurisdiction be lost by neglect or acquiescence. *Woolworth & Co.* v. *Zimmerman*, 13 *N. J. Mis. R.* 505; 179 *Atl. Rep.* 474; *King* v. *Scala*, 110 *N. J. L.* 321; 165 *Atl. Rep.* 426; *Lazorchak* v. *Demarest*, 108 *N. J. L.* 198; 157 *Atl. Rep.* 137; *Handelman* v. *Harris*, 93 *N. J. L.* 66; 107 *Atl. Rep.* 34.

I find that as a matter of fact the sheriff in his inventory and appraisement annexed to the writ in question and returned into this court failed to make a just and true inventory and appraisement of the defendant's property in the

hands of the several news dealers above enumerated; that the failure so to do constituted a fatal jurisdictional defect, which this court is without power to amend and which is not cured by the alleged subsequent appearance of the defendant in the suit. The writ must accordingly be vacated. Counsel may present an appropriate rule.