20 N.J. Super. 440 (1952)
90 A.2d 116
KATHARINE M. LEAVY, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF WILLIAM JOSEPH LEAVY, DECEASED, PLAINTIFF,
v.
THERESA McDERMOTT, WIDOW; BERNARD J. LEAVY AND CATHERINE M. LEAVY, HIS WIFE; WILLIAM P. BRADLEY, WIDOWER; WILLIAM P. BRADLEY, JR., AND MARIE JOHNSON, HEIRS AT LAW OF MARY P. BRADLEY, HIS DECEASED DAUGHTER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 7, 1952.
*441 Mr. Lewis S. Jacobson, attorney for plaintiff.
EWART, J.S.C.
William Joseph Leavy died January 17, 1918, a resident of Perth Amboy, N.J., leaving a will duly admitted to probate by the Surrogate of Middlesex County on January 28, 1918, and leaving him surviving heirs at law and next of kin as follows, viz.: Louisa A. Leavy, his widow; Mary P. Bradley, a daughter; Theresa McDermott, a daughter; Katharine M. Leavy, a daughter; and Bernard J. Leavy, a son. Testator's widow, Louisa A. Leavy, died intestate December 8, 1951. His daughter, Mary P. Bradley, died intestate subsequent to the death of the testator and left her surviving her husband, William P. Bradley (now deceased) and two children, viz., William P. Bradley, Jr. and Marie Johnson, both of whom are of full age. Of testator's family at the time of his death, his daughter, Theresa McDermott; his daughter, Katharine M. Leavy; his son, Bernard J. *442 Leavy; and two grandchildren, the children of Mary P. Bradley, deceased, viz., William P. Bradley, Jr. and Marie Johnson, still survive.
Testator's daughter, Katharine M. Leavy, was appointed executrix of testator's will and brings this suit as such for the construction of the will.
This court, of course, has jurisdiction over the subject matter. Jurisdiction of the parties has been acquired, not by the service of process nor by formal appearances, but by a stipulation in writing, duly signed by all of the parties in interest and filed, setting forth the facts enumerated above and by which the parties "hereby unconditionally waive process and service of summons and complaint and any and all other papers of process and submit to the jurisdiction of this court for the purposes mentioned herein and in the complaint filed." Jurisdiction of the parties may be acquired by consent without the issuance or service of process and without the entry of formal appearances. In re Hall, 94 N.J. Eq. 108 (Ch. 1922); Kuestner v. Boscarell, 5 N.J. Misc. 303 at 310 (Sup. Ct. 1927); Shephard v. Phila. Record Co., 24 N.J. Misc. 310 at 313 (Cir. Ct. 1946); Jackson and Sons v. Lumbermen's Mut. Cas. Co., 86 N.H. 341, 168 A. 895 (N.H. Sup. Ct. 1933); and 14 Am. Jur., pages 380-381, sec. 184.
A copy of the will, stipulated to be a correct copy, is annexed to the complaint and marked Schedule A. The will is short. The first clause directs the payment of funeral expenses and debts; the third clause appoints testator's daughter Katharine as executrix without bond; the fifth clause revokes all prior wills; the sixth clause provides that should testator's wife predecease him, then his entire estate is to go to such of his children as shall survive him, share and share alike; and the second and fourth clauses read as follows:
"SECOND: I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of every manner, form and description, wherever situated, unto my beloved wife, Louisa A. *443 Leavy, absolutely and forever, to be used for her and by her for her benefit and the benefit of such of my children as shall survive me."
"FOURTH: Nothing in this my said last will and testament shall be taken or construed to mean that any or all of such of my children as shall survive me are in any manner disinherited."
The said stipulation further sets forth that since the death of the testator all of the parties have considered his widow, Louisa A. Leavy, as a life tenant in all of the property, both real and personal, of the testator and, in accordance therewith, during her lifetime she received the income from the same.
The universal rule applicable to the construction of wills is that the testator's intention, to be ascertained from a reading of the entire will in the light of the circumstances surrounding him at the time of execution, will govern and control the court in construing a will, in so far as such intention is not violative of any law or rule of public policy. The books are replete with authorities in support of that rule and no specific citation of authority is needed. However, the meaning and intention of the testator is to be ascertained and determined, not by fixing attention upon single words or phrases contained in his will, but by considering the entire will and surrounding circumstances and by ascribing to the testator, so far as his language permits, the common impulses of our nature. Higgins v. Mispeth, 118 N.J. Eq. 575, at 581 (Ch. 1935); Pilgrim v. Vandemark, 135 N.J. Eq. 469, at 472 (E. & A. 1944).
Had testator omitted from the second clause of his will the phrase "to be used for her and by her for her benefit and the benefit of such of my children as shall survive me," and had further omitted entirely the fourth clause of his will, his intention and meaning would have been perfectly clear and his widow, Louisa A. Leavy, would have taken all of the personal estate absolutely and a fee simple title to all of the real estate. However, the actual language of the will manifests a clear intent of the testator that such of his children as should survive him should share in his bounty along with his widow. The difficulty here presented is due *444 to the fact that the testator failed to state or define just what share or interest he intended his children to have and it is not improbable, judging from the language used in the will, that the testator himself had not thought the matter through and had no very clearly defined idea on the subject.
Although the language is not identical, the same problem here presented was dealt with by Vice-Chancellor Emery in Kidder's Executors v. Kidder, 56 A. 154 (Ch. 1903). In that case the testator bequeathed and devised to his wife all of the residue of his property, both real and personal, wherever located and of whatsoever character, "to hold and dispose of as she may think best for the welfare of herself and our children." In that case the court observed that there was no direct or immediate gift to any of the children and that there was a direct gift to the mother and that the rights of the children in the personal estate were as cestuis que trust or beneficiaries in the fund or estate after it had been paid over to the mother (page 155). The court there held that testator's widow took the entire estate, subject to a trust in favor of the children. And while the court held that the children in that case were beneficiaries to some extent, the particular issues there presented did not make it necessary and the court did not decide as to just what the rights of the children were as against the mother as trustee, nor as to whether the equitable estates or interests given to them were joint interests with their mother or whether the mother's estate was for life with remainder to the children.
Kyte v. Kyte, 73 N.J. Eq. 220 (Ch. 1907) presented a very similar problem. There, the pertinent portion of testator's will read as follows: "I give and devise unto my wife, Jane Josephine Kyte, for herself and her children any and all real estate that I may die seized of." In that case the court held that it was the clear intention of the testator to give his children and widow, for their point benefit, all of the real estate of which he died seized and that the plain effect of the words used was to vest a concurrent interest in *445 the wife and her children who would take as tenants in common.
Gordon v. Jackson, 58 N.J. Eq. 166 (Ch. 1899) and Higgins v. Mispeth, 118 N.J. Eq. 575 (Ch. 1935) present somewhat similar problems to the case sub judice in that in both of those cases the testator failed to define what interest the mother was to take and what interests the children were to take. However, both of those cases are to be distinguished from the case at bar in that in Gordon v. Jackson, supra, there is a direct gift to the mother and the children, without defining their interests, and in Higgins v. Mispeth, supra, the testator first made an absolute gift to his widow of his entire estate and in the succeeding clause proceeded to dispose to and among his children of his estate after the death of his widow. The case of Higgins v. Mispeth bears a further resemblance to the case at bar in that the testator first made an absolute gift of his entire estate to his widow but limited the effect of such gift by proceeding to dispose of his estate among his children after his widow's death and in the case at bar the testator first gives the entire residue of his estate to his widow "absolutely and forever" and then limits the effect of the gift by the provision that it shall be used by her for her benefit and for the benefit of his children.
In Noe's Administrator v. Miller's Executors, 31 N.J. Eq. 234 (Ch. 1879) there was a bequest of personally to Elizabeth M. Noe to be free of control by her husband but to be hers and her child's or children's forever. The will did not further define the interests or rights of the children of Elizabeth M. Noe. After an extensive review of the authorities, Vice-Chancellor Van Fleet concluded that the testator intended a life estate to Elizabeth M. Noe with remainder to her children and held that bequests expressed in the form of the will under consideration have usually been construed to give a life estate to the parent with remainder to the children. (Page 237.) The vice-chancellor in that case expressed the opinion that it was much more natural and reasonable to conclude that in such a case where the will did *446 not define the interest of the children nor indicate when their enjoyment should commence that the testator intended that the parent should simply enjoy the income or produce during life and that the principal should go to the children on the death of their parent rather than that the children should share equally with the parent and should be entitled to an immediate division of the bequest. (Page 238.)
By analogy with the Noe case, I conclude from the language of the Leavy will that the testator intended to provide for his widow during her lifetime, but at the same time expressly stated in the fourth clause of his will that his will should not be taken or construed to mean that any of his children were in any manner to be disinherited. There is nothing in the will to indicate that testator intended that there should be any immediate division of his estate among his widow and children following his death, which would result were it to be held that the widow and children took concurrently as tenants in common of the real estate and as joint tenants of the personal estate. The parties in interest have placed a practical construction upon testator's will, as stated in the stipulation on file, that testator's widow had a life estate and that the remainder was vested in the children. Such practical construction by the parties, where the will is ambiguous, is entitled to consideration by the court. 4 Page on Wills (3d ed.), sec. 1614; In re Estate of Kelly, 177 Minn. 311, 225 N.W. 156, 67 A.L.R. 1268.
In accordance with the foregoing discussion, I conclude and hold that by the true intent and meaning of the will of William Joseph Leavy, his widow Louisa A. Leavy took a life estate in all real and personal property and that the remainder upon his death vested in his children Mary P. Bradley, Theresa McDermott, Katharine M. Leavy and Bernard J. Leavy.